IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL EUGENE WOOD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1413 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, a state prison inmate, filed a pleading entitled "Request for Review of Certified Criminal-Law Question(s)." In his prayer for relief, he asks this Court to "review for certified state criminal-law question(s) and order whatever relief [is] deemed necessary, just, and proper." Petitioner states that he brings this "request .... pursuant to Rule 58; Rule 74 of the Texas Code of Criminal Procedure; Rule 44 Federal Rules of Civil Procedure." The Texas Code of Criminal Procedure consists of articles, not rules. In any event, there is no article 58 or 74 in the Texas Code of Criminal Procedure. Rule 44 of the Federal Rules of Civil Procedure is titled "Proof of Official Record" and concerns the authentication of records. Petitioner asserts double jeopardy and due process deficiencies under the U.S. and Texas Constitutions concerning a conviction in Montgomery County, Texas, in case number 19,005-CR.

Construing the pleadings liberally, Petitioner asks this Court to review his state court

conviction for constitutional errors and order appropriate habeas corpus relief. However, he has already filed a federal petition in this Court challenging the state court conviction underlying this action. *See Wood v. Scott,* No. H-94-CV-1793 (S.D. Tx.). This Court denied the prior federal petition on the merits. The record in the prior application shows that the state court conviction challenged here was rendered in 1986.

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides, in part:

> (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless --
>    (A) the applicant shows that the claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable;  or
>    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>         (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

There is no allegation or showing that Petitioner has sought or received authorization from the Court of Appeals to proceed in this Court as to any new claims he is raising here. Accordingly, it is ORDERED this action be DISMISSED without prejudice to seeking authorization from the Court of Appeals to proceed in this Court on any new claims. This Court notes that because Petitioner was convicted 19 years ago, this action is most likely time barred under 28 U.S.C. 2244(d).

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001) (quoting *Slack*, 529 U.S. at 484). A certificate of appealability will not issue.

SIGNED the 28th day of April, 2005.

_David Hittner_
David Hittner
United States District Judge